IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FOX CHASE BANK | : | CIVIL ACTION |
| v. | : | |
| SMKV HOLDINGS, INC. | : | NO. 12-330 |

O'NEILL, J.                                                                                                          June 6, 2012

## **MEMORANDUM**

I have before me defendant's motion to strike and/or open a confessed judgment against it and plaintiff's response thereto.

The grounds asserted for the motion are that the warrant of attorney and confession of judgment were not separately acknowledged by defendant and that the attorneys' fees contained in the confessed judgment were grossly excessive.

I find the first reason to be without merit. The confession of judgment clause appears clearly and conspicuously on page two of the three-page Note between Fox Chase and SMKV. The clause is in all capital letters and is entitled "CONFESSION OF JUDGMENT." Mr. Patel's [defendant's representative] signature is on the top of page three of the Note, shortly after the confession of judgment clause, and immediately beneath a clause that reads "PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE." The following language also appears within the confession of judgment clause: "BORROWER HEREBY WAIVES ANY RIGHT BORROWER MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATES THAT

EITHER A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO BORROWER'S ATTENTION OR BORROWER HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL."  In addition SMKV signed a separate one-page Disclosure for Confession of Judgment in which it specifically acknowledge that it was represented by its own independent legal counsel in connection with the note and that a representative of the lender specifically called the confession of judgment provision in the note to SMKV's attention.

     I also find the second reason to be without merit.  Under Pennsylvania law the provision for an attorney's fee of ten percent, which was clearly set forth in the confession of judgment clause and which was agreed to by defendant, may be recovered from defendant.  <u>Rait P'ship, L.P. v. E. Pointe Props.</u>, 957 A.2d 1275 (Pa. Super. Ct. 2008), <u>Marke Holdings, LLC v. Nelkenbaum</u>, 09-cv-3407 (E.D. Pa. Oct. 28, 2009).